**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MICHAEL EGGERS,** )<br>)<br>**Defendant.** ) | **8:06CR363**<br><br>**ORDER** |

This matter is before the court on the motion of defendant Michael Eggers (Eggers) for additional discovery and a protective order (Filing No. 19). Eggers requests the production of mirror images of the computer hard drive seized from 6202 South 39th Street, Omaha, Nebraska, on or about October 25, 2006, pursuant to a search warrant. Further, Eggers requests such evidence be examined by an independent forensic computer expert and other experts including physicians and artists. Eggers seeks a protective order barring prosecution of his attorneys, experts, and employees for possessing or viewing the materials gained through the motion during the course of the analysis, trial and appeal of this matter. The government opposes the motion to the extent that releasing visual depictions of minors engaging in sexually explicit poses, or child pornography, is contraband. However, the government offered to produce mirrored images of any hard drives for review by a defense expert but requires such review be undertaken while the mirrored hard drives remain within the custody and control of agents of the government.

The court ordered an evidentiary hearing on the motion and required Eggers to present by testimony or affidavit why the government's conditions for review of the evidence would be inadequate (Filing No. 22). The court held a hearing on the motion on December 15, 2006. Eggers appeared with his counsel, James E. Schaefer, and the United States was represented by Assistant U.S. Attorney Michael P. Norris. Immediately prior to the hearing, Eggers's counsel filed an affidavit asserting that the government's procedure would be prejudicial because:

        1.     That no privacy is provided to counsel.

> 2. That the Defendant is not allowed to be present.
> 3. That there is no opportunity for any in depth review or study.
> 4. That there is no way to analyze data or compare to other material.
> 5. That it is cost prohibitive to bring experts to agency.
> 6. That there is no way to test the electronic images for authenticity.
> 7. That there is no way to analyze images to determine if they have been altered.
> 8. That discovery provided by the United States Attorney clearly states that the information provided has not been investigated and the NCMEC does not vouch for the accuracy of the reported information.
> 9. That the requested material has already been copied and transferred to a CD and would be easily and conveniently reviewed by Defendant's experts at their offices.

(Filing No. 23). Government's counsel offered to make such evidence available for review at the U.S. Attorney's office as well as the offices of the federal investigative agency. At the hearing, Eggers presented no other affidavits or any testimony regarding his experts' inability to comply with the government's restrictions on the review of the evidence in this matter. Eggers was given until December 29, 2006, in which to supplement his motion with a showing why the government's restrictions on review of the evidence in this case were inadequate. No such supplementation was filed.

Since child pornography is contraband, the court may restrict discovery pursuant to Fed. R. Crim. P. 16 (d)(1). In **United States v. Horn**, 187 F.3d 781, 792 (8th Cir. 1999), the United States Court of Appeals for the Eighth Circuit held the government's offer to permit the defendant's experts to review the discovery while in the government's control was sufficient under the circumstances. **See United States v. Kimbrough**, 69 F.3d 723, 731 (5th Cir. 1995). In this case, Eggers was given an opportunity to provide the court with reasons why the government's restrictions on review of the evidence would be inadequate or prevent Eggers from adequately preparing for trial. No such showing was made. Accordingly,

**IT IS ORDERED:**

Eggers' motion for additional discovery and protective order (Filing No. 19) is denied.

**ADMONITION**

      Pursuant to NECrimR 57.2 any appeal of this Order shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Order.  Failure to timely appeal may constitute a waiver of any appeal.  The brief in support of any appeal shall be filed at the time of filing such appeal.  Failure to file a brief in support of any appeal may be deemed an abandonment of the appeal.

      DATED this 24th day of January, 2007.

                                      BY THE COURT:

                                     s/Thomas D. Thalken
                                    United States Magistrate Judge