IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR363** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **MICHAEL EGGERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No.41). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 15, 25 and the narrative paragraphs in ¶ 34.

The objection to ¶¶ 15 and 25 are denied. The objection relates to the number of images of child pornography involved in the charged offense, which alleges that on or before October 25, 2006, the Defendant possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant filed a version of the offense stating that on or about the date alleged in the Indictment he viewed two images that can be classified as child pornography. (Filing No. 37.) At the change of plea hearing, while under oath the Defendant agreed that the government could prove beyond a reasonable doubt that prior to October 25, 2006, the Defendant stated in an interview with government agents that he had viewed child pornographic images. He was interviewed because an investigation revealed prior to that date a Nebraska computer was involved in sharing child pornographic

images. (Filing No. 39, Plea Tr. at 22-24.) Specific numbers of images were not discussed at the change of plea hearing. However, the objections are moot in light of the parties' plea agreement made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) for a 10-year sentence because such a sentence would be an "appropriate disposition" and comply with the statutory minimum sentence pursuant to 18 U.S.C. § 2252(b)(2). (Filing No. 33.) Therefore, even assuming that the enhancement in ¶ 25 would not apply, the resulting total offense level would be 21, and placement in criminal history category III would lead to a sentencing guideline range 46-57 months, the sentence would still be 10 years based on the statutory minimum sentence and the Rule 11(c)(1)(C) plea agreement.

The objection to ¶ 34 is denied. The information in question does not affect the guideline range or the anticipated sentence.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 41) are denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 26th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge